IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIANA RIVERA-RAMOS

Plaintiff

vs                                               CIVIL 98-1941CCC

KOMODIDAD DISTRIBUTORS, INC.
d/b/a "GATSBY" and PUERTO RICO
AMERICAN INSURANCE CO.

Defendants

## ORDER SETTING INITIAL SCHEDULING AND CASE MANAGEMENT CONFERENCE

Under Rule 16 of the Federal Rules of Civil Procedure, as amended, the Court is required to schedule and plan the course of litigation in order to achieve a just, speedy, and inexpensive determination of the action. Fed.R.Civ.P. 1; Fed.R.Evid. 102. In so doing, the Court advises litigants that we firmly believe in the interplay of Rules 7, 11, 16 and 26 of the Federal Rules of Civil Procedure, as amended on December 1, 1983. These Rules require increased lawyer responsibility coupled with a mandate to the Court to increase the level of judicial management and control of litigation. All documents filed in this case will be read as if containing a warranty as to quality and content. Fed.R.Civ.P. 11. The filings must be prepared to the best of the lawyer's knowledge, information, and belief, formed after reasonable inquiry. Accordingly, it is ORDERED as follows:

1) Unless already filed, answers to the complaint will be filed within ten (10) days after notice of this order. Any such filing will not be deemed a waiver of any previously filed motions.

2) **Counsel will meet in chambers on June 5, 2001 at 10:00 AM** for the following purposes.

   a) informing the Court of their contentions, which will include (i) disclosing all material and pertinent facts, (ii) stating their theories of the case, with citations

AO 72A
(Rev.8/82)

CIVIL 98-1941CCC                                                    2

to statutes and case law (see Erff v. Markhon Industries, Inc., 781 F.2d 613, 617 (7th Cir. 1986); Rodríguez v. Ripley Industries, Inc., 507 F.2d 782, 786-87 (1st Cir. 1974); see also Awilda Ramírez Pomales v. Becton Dickinson & Co., S.A., 839 F.2d 1, 3-6 (1st Cir. 1988)), and (iii) entering into stipulations of fact and applicable law;

b) bringing forth evidence to show such facts;

c) assessing any damages claimed;

d) announcing all documentary evidence;

e) announcing all witnesses, including experts, for whom the parties must supply a curriculum vitae and, in case the plaintiffs, an expert report;

f) informing whether they foresee any need to join additional parties, amend the complaint, require consolidation with another related case or file any other pretrial motions such as: motions to dismiss, motions for summary judgment, jurisdictional challenges. If any such filing is foreseen, the parties shall suggest specific dates for their filing.

g) discussing settlement.

This conference will also preliminarily serve the purposes of guiding and setting discovery procedure. The attorneys who attend this scheduling conference must be adequately prepared with the necessary materials on hand, i.e.: datebooks, etc., and fully authorized to suggest specific dates for the items to be scheduled.

3. If an attorney fails to appear, appears unprepared or fails to participate in good faith in the scheduling conference, the Court, upon motion or on its own initiative, may impose the sanctions established in Rule 37(b)(2)(B)(C)(D) including dismissal of the action or judgment by default or may require the party, the attorney representing it or both to pay the expenses incurred because of noncompliance with this order, including attorney's fees.

4. All counsel are admonished to expedite discovery. Interrogatories shall be limited to no more than twenty-five questions, including all discrete subparts.

5. **The parties are each ORDERED to file, ten (10) days prior to the**

AO 72A
(Rev.8/82)

CIVIL 98-1941CCC                                                3

**conference, a memorandum** which (a) discusses their factual and legal contentions, (b) sets forth proposed uncontested facts, (c) lists their witnesses (fact and expert) and summarizes the nature of their expected testimony, (d) lists their documentary evidence and summarizes the contents of such evidence, and (e) itemizes all the discovery (including interrogatories, requests for admissions, requests for production, and depositions) which they wish to conduct. Where plaintiff announces expert witnesses, the plaintiff must provide a curriculum vitae and report containing a discussion of elements of cause and effect, diagnosis, and prognosis. The defendant will be required to file similar documents if expert witnesses are to be used to rebut plaintiff's allegations. The memoranda may also include any other matter deemed appropriate. Courtesy copies of the ISC memos must be delivered to the Judge's chambers at least **ten** (10) days before the Initial Scheduling Conference. **Failure to do so will result in appropriate sanctions.**

      6. The objective of the conference scheduled herein is to simplify the issues and to reach agreements as to uncontroverted facts and accepted principles of law applicable to the case. Therefore, counsel attending are expected to be conversant enough with the facts and the law to enter into such agreements. Counsel should be ready to respond to such queries as the Court may deem appropriate, and be prepared to discuss settlement. As required by Rule 16(c), '[a]t least one of the attorneys for each party participating in any conference before trial shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed.' Counsel again are reminded that failure to participate in good faith, or participating while being substantially unprepared, are noncompliant acts under Fed.R.Civ.P. 16(f) and 41(b), that may result in sanctions, including the payment of reasonable expenses incurred by the noncompliance or fines levied upon

CIVIL 98-1941CCC                                                    4

attorneys personally; dismissal of the complaint; the prohibition of certain witness' testimony and the admission of facts. See Boettcher v. Hartford Insurance Co., 927 F.2d 23 (1st Cir. 1991); Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991). Furthermore, sanctions may also be imposed pursuant to Federal Rule of Civil Procedure 11 for filing of complaints not well-founded in fact.

The Court will issue an Initial Scheduling Order following the conference which will set forth all matters covered during the conference, including preliminary orders of the Court and discovery schedule. The parties are on notice of the Orders of the Court as of the date of the conference, however, and will not be excused from following an Order of the Court on grounds that they received a copy of the ISC Order after the date at issue has passed.

SO ORDERED.

At San Juan, Puerto Rico, on April 30, 2001.

CARMEN CONSUELO CEREZO
United States District Judge